UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS BERRY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY ESCOBAR #2307, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05028-YGR<br><br>**ORDER DISMISSING CERTAIN CLAIMS; SERVING COGNIZABLE CLAIMS** |

**I.   INTRODUCTION**

Plaintiff, who was incarcerated at Wasco State Prison as of August 2021 (*see* Dkt. 7) filed a *pro se* prisoner complaint form under 42 U.S.C. § 1983 while incarcerated at the San Francisco County Jail. *See* Dkt. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Plaintiff's complaint raises allegations with respect to events that occurred at the San Francisco County jail. Plaintiff has named the following defendants: Deputy Sheriff Escobar (badge number 2307), Deputy Sheriff Jayme (badge number 2230), and the San Francisco Sheriff's Department. Dkt. 1 at 2.[1] Plaintiff seeks injunctive relief and compensatory damages. *Id.*

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

Venue is proper because the events giving rise to the alleged claims occurred at the San Francisco County Jail, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II.   DISCUSSION

### A.   Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Preliminary screening applies to claims brought by individuals detained in county jail. *See id.* at § 1915A(c) (a prisoner includes "any person incarcerated or detained in any facility who is accused of, convicted of, [or] sentenced for . . . violations of criminal law"); *White v. Pazin*, 587 F. App'x 366, 367 (9th Cir. 2014) (vacating district court's section 1915A screening order). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.   Legal Claims

Plaintiff alleges the following incident took place on September 14, 2020 at the San Francisco County Jail involving defendants Escobar and Jayme:

> I was being rehoused by deputies Escobar #2307 and Jayme #2230. As we approached the elevator, Dep. Jayme slammed me face first into a wall for no reason. (I was handcuffed with hands behind my back). Next, Dep. Escobar #2307 yanked me from Jayme and slammed me face first on the elevator floor. Joined by Jayme they repeatedly twisted my arms and beat me. Then, they dragged me into a "safety cell" with a team of 5+ officers and continued to forcibly strip me <u>completely naked</u> and ass[a]ult me. I asked to be seen by medical numerous times for my injuries, all requests were denied. I was told to "shut up if I want to get out." A few hours later, a dep came in the room without warning and took [the] green blanket they gave me for absolutely no reason leaving me completely naked.

Dkt. 1 at 1, 3. He also states:

> When I was hand-cuffed and my under[wear]/clothes were ripped off I was terrified. I thought they were going to rape me. This was the most terrif[y]ing experience of my life. I was too embarrassed to say this before but someone grabbed my butto[cks] while I was naked and they were laughing.

*Id.* at 3.

Plaintiff sates that he discussed the incident with multiple deputy sheriffs, who directed him to file grievances, and that he filed two grievances, to which he received no response. Dkt. 1 at 2. Then he "filed a formal complaint against San Francisco" which "was denied" on February 8, 2021. *Id.* at 2, 3.

Plaintiff seeks compensation for his injuries, "an investigation into why this was allowed to happen," discipline or termination of the deputies involved, and "better practices put in so this doesn't continue to happen." Dkt. 1 at 3. He also states that he "want[s] to sue for sexual ass[a]ult, ass[a]ult, excessive force, negligence, pain and suffering, refusal of medical care, P.T.S.D., and mental anguish." *Id.*

First, it is not clear from plaintiff's filings whether he was a convicted prisoner or pretrial detainee at the time of the alleged incident. If he was a pretrial detainee at the time, his claim arises under the Fourteenth Amendment's due process clause; if he was already convicted, his claim arises under the Eighth Amendment's cruel and unusual punishment clause. The Eighth Amendment prohibits excessive force in the form of "unnecessary and wanton infliction of pain" on a convicted prisoner. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Fourteenth Amendment's protection for pretrial detainees is broader; prohibiting "excessive force that amounts to punishment." *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). "[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 396-97. Plaintiff's allegations state a claim under either standard.

Second, plaintiff seeks injunctive relief. Because he has been transferred from the county jail to state prison, and there is no reasonable expectation nor demonstrated probability that he will again be subjected to the conditions at the county jail from which he seeks injunctive relief, the claim for injunctive relief is moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995).

3

1   Therefore, the Court DISMISSES plaintiff's claim for injunctive relief.

2   Third, plaintiff has named the San Francisco Sheriff Department as a defendant. City or county governments, including departments within them such as the Sheriff's Department, cannot be held liable under section 1983 for the acts of an employee. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). In order to state a section 1983 claim against the Sheriff's Department as a whole, plaintiff would have to allege that a department policy or custom caused his injuries. *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020). This could be demonstrated by an unconstitutional policy, or that the department "through inaction, failed to implement adequate policies or procedures to safeguard" the constitutional rights of jail detainees. *Id.* In order to hold the sheriff's department liable for a failure to act, plaintiff would need to demonstrate that the department "exhibited deliberate indifference" to the violation of his rights. *Id.* A municipality is deliberately indifferent to the violation of constitutional rights where it has a policy that is "obviously, facially deficient," or where there is a "pattern of prior, similar violations of federally protected rights, of which the relevant policymakers had actual or constructive notice." *Id.* at 1142.

Plaintiff's section 1983 claim against the San Francisco Sheriff's Department is therefore DISMISSED without prejudice.

Fourth, plaintiff alleges state law claims of "sexual ass[a]ult, ass[a]ult, excessive force, negligence, pain and suffering, refusal of medical care, P.T.S.D., and mental anguish." This Court can exercise supplemental jurisdiction over these state-law claims. The Sheriff's Department may be liable for the conduct of its employees under state-law. *See Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 209 (1991). Plaintiff's state-law claims are therefore cognizable against all three defendants.

The Court finds that plaintiff's section 1983 excessive force claim against defendants Escobar and Jayme, and state law claims against defendants Escobar, Jayme, and San Francisco Sheriff's Department, are cognizable and shall proceed.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims for injunctive relief are DISMISSED.

2. Plaintiff's section 1983 claims against the San Francisco Sheriff's Department are DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's claim of excessive force under section 1983 against defendants Escobar and Jayme has been found cognizable, as described above.

4. Plaintiff's supplemental state-law claims against defendants Escobar, Jayme, and the San Francisco Sheriff's Department have been found cognizable, as described above.

5. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (dkt. 1), and a copy of this Order to the following defendants: Deputy Sheriffs Escobar and Jayme at the San Francisco County Jail.  The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, Waiver of Service of Summons, a copy of the complaint (dkt. 1), and a copy of this Order to the following defendant: San Francisco Sheriff's Department.  The Clerk shall also mail a copy of the complaint and a copy of this Order to the San Francisco City Attorney.  Additionally, the Clerk shall mail a copy of this Order to plaintiff.

6. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the

5

summons.  If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

7. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice.  However, the Court notes that under the new law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion).  Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56.  *Id.*  If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56.  *Id.*  But if material facts are disputed, summary judgment

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

1   should be denied and the district judge, rather than a jury, should determine the facts in a
2   preliminary proceeding. *Id.* at 1168.
3       If defendants are of the opinion that this case cannot be resolved by summary judgment,
4   they shall so inform the Court prior to the date the summary judgment motion is due. All papers
5   filed with the Court shall be promptly served on plaintiff.
6       b.   Plaintiff's opposition to the dispositive motion shall be filed with the Court
7   and served on defendants no later than **twenty-eight (28) days** after the date on which
8   defendants' motion is filed.
9       c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of
10  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
11  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
12  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
13  any fact that would affect the result of your case, the party who asked for summary judgment is
14  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
15  makes a motion for summary judgment that is supported properly by declarations (or other sworn
16  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
17  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
18  as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
19  documents and show that there is a genuine issue of material fact for trial.  If you do not submit
20  your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
21  If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154
22  F.3d at 962-63.
23      Plaintiff also is advised that—in the rare event that defendants argue that the failure to
24  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
25  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
26  prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
27  exhaust your available administrative remedies before coming to federal court.  Such evidence
28  may include: (1) declarations, which are statements signed under penalty of perjury by you or

7

others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary incarcerated witnesses.

9. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

11. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: December 20, 2021

JUDGE YVONNE GONZALEZ ROGERS
United States District Judge